## 72528. BLACKBURN v. THE STATE.
(349 SE2d 286)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of first and third degree arson. He appeals from the judgments of conviction and sentences entered on the jury's verdict.

1. Appellant enumerates as error the trial court's refusal to direct a verdict of acquittal as to the first degree arson count. He contends that the State did not prove that the burning of the building alleged in the first degree arson count was "accomplished without the consent of both the insurer and the insured. . . ." OCGA § 16-7-60 (a) (3).

"As we read the statute, the act is not criminal (i.e., consensual) if both the insurer and the insured have agreed or acquiesced in the act. However, if either or both do not consent to the act, the burning becomes an act of arson, for the nonconsenting party has been subjected to either a criminal tort or fraud. [Cit.]" *Burns v. State*, 166 Ga. App. 766, 767 (1) (305 SE2d 398) (1983), cert. denied, 465 U. S. 1027 (105 SC 1286, 79 LE2d 688) (1984). The evidence in the instant case was sufficient to show that the insurer of the building did not consent to its being burned. Accordingly, this enumeration is without merit.

2. Appellant enumerates as error the refusal of the trial court to direct a verdict of acquittal as to the third degree arson count. He asserts that the State's evidence failed to prove that personal property valued at $25 or more had been damaged by the fire. OCGA § 16-7-62.

Appellant and his father filed with the insurer of the personal property a proof of loss form. This form stated that personal property damage amounting to several thousand dollars had resulted from the fire. This form, which was admitted into evidence without objection, was sufficient to authorize a finding that the personal property damaged by the fire was valued at $25 or more. This enumeration is without merit.

3. Appellant enumerates the admission into evidence of the testimony of the State's expert witness, contending that the trial court erred in several respects.

Appellant first contends that the trial court erred in allowing the expert to testify as the State's last witness, after the witness had remained in the courtroom and assisted the prosecutor throughout the trial. It is within the trial court's discretion to make exceptions to the rule of sequestration of witnesses. There was no abuse of that discretion in the instant case. *Lassiter v. State*, 175 Ga. App. 338, 340 (5) (333 SE2d 412) (1985).

Appellant also asserts that the witness was erroneously allowed to testify as to his belief that the fire had been incendiary in origin.

An expert witness may "give his opinion on facts in issue or even the ultimate issue where such question is a proper one for opinion evidence. . . ." *Nichols v. State*, 177 Ga. App. 689, 693 (2) (340 SE2d 654) (1986). "[W]here the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves, i.e., the conclusion is beyond the ken of the average layman[,]" it is admissible. *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). The cause of the fire in the instant case was such an issue as called for an expert's conclusion. Prior to trial, the trial court had ruled inadmissible such conclusions as ordinary jurors would be able to draw for themselves, and that order was not violated by the trial court's refusal to exclude this testimony. Compare *Nichols v. State*, supra.

Appellant's contention that the expert witness was permitted to testify as to the hearsay upon which his opinion was based is not supported by the record. The witness stated that his opinion was based partly on statements he received, but he did not repeat those statements. Moreover, "[a]n expert may base his opinion on hearsay and may be allowed to testify as to the basis for his findings. [Cits.]" *King v. Browning*, 246 Ga. 46, 47 (268 SE2d 653) (1980). An expert's opinion, based in part upon hearsay, is not inadmissible. The lack of personal knowledge goes to the weight and credibility of the expert's testimony, not its admissibility. *Jones v. Ray*, 159 Ga. App. 734, 736 (4) (285 SE2d 42) (1981).

Appellant's contention that the substance of the expert witness' testimony was improperly withheld from him in violation of his *Brady* motion was not raised in the trial court and has, therefore, been waived. *Wells v. State*, 177 Ga. App. 419, 420 (1) (339 SE2d 392) (1986).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1986

*Ralph C. Snow, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.