## 44732. NICHOLS v. THE STATE.
(361 SE2d 486)

GREGORY, Justice.

Lee Curtis Nichols was convicted of malice murder and possession of a sawed-off shotgun in connection with the shooting death of Jim Fricks.[1] He received a life sentence for the murder conviction and a concurrent five years on the gun charge. We affirm.

On the evening of August 31, 1985, Nichols and his girl friend, Janie Newberry, were customers of the Chile World Restaurant and Lounge in Acworth, Georgia. Nichols and several others became involved in a dice game for juke box money. During the game, Nichols began arguing with one of the other participants. At that point, the owner of the lounge, Jim Fricks, asked Nichols to leave. Nichols and Newberry then left the restaurant but Nichols returned after a few minutes saying that "he wanted to pay his tab and he wanted to pay it now." Nichols then began cursing and screaming and threw a ten dollar bill next to the cash register. Fricks refused to accept payment, stating that Nichols did not owe as much as he was offering. Nichols walked out of the restaurant and Fricks followed him in an attempt to smooth things over. When Nichols reached his car he grabbed a .12 gauge sawed-off shotgun and shot Fricks in the abdomen. At trial, Nichols and Newberry both testified that Fricks had hit Nichols several times in the parking lot prior to the shooting and that Nichols acted in self-defense. Other witnesses to the incident testified that Fricks never hit Nichols.

1. Nichols contends the trial court erred by refusing to dismiss a juror for cause, after the panel had been selected, because the juror was the spouse of the District Attorney's volunteer investigator who had worked on Nichols' case. We note that the juror in question became ill during trial and was replaced by an alternate. There was no error.

2. Nichols maintains he was denied effective assistance of counsel for three reasons.

a. He argues that trial counsel was ineffective by failing to call three witnesses who would have substantiated his theory of self-defense. However, the record clearly establishes that counsel interviewed all three of the potential witnesses prior to trial and determined their testimony would not have been beneficial or would have been merely cumulative. Counsel obviously considered presenting the

---

[1] The crime was committed on August 31, 1985. The defendant was indicted in October 1985 and trial began on March 3, 1986. A verdict was returned on March 5, 1986 and defendant was sentenced that same day. A motion for new trial was filed March 14, 1986 and the motion was denied on February 16, 1987. The transcript was certified by the court reporter on May 28, 1987 and the appeal was docketed in this court on June 4, 1987.

testimony of these witnesses and made a strategic decision not to do so. Ineffective assistance is not shown under these circumstances. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

b. Nichols also claims his trial lawyer was ineffective because a bag of items went out with the jury during its deliberations. He argues that some of the items in the bag had not been identified and admitted in evidence. The record does not support this contention.

c. Finally, Nichols alleges that counsel was ineffective in failing to secure the removal of the juror discussed in Division 1. But as we have stated above, the juror was later excused and no error occurred.

3. Nichols contends the trial court erred in refusing to direct the prosecution to choose between a theory of malice murder or felony murder. The prosecution is not required to make this choice. *Hicks v. State,* 256 Ga. 715 (352 SE2d 762) (1987). Further, Nichols argues the trial court erred in its charge regarding felony murder and the underlying felony. But we note Nichols was not convicted of felony murder and the charge in that regard, even if error, did not harm him.

4. Nichols argues that his defense was hindered because the trial court refused to admit evidence of the victim's character and of a previous altercation between the defendant and the victim in which the victim pointed a pistol at the defendant. To the contrary, the record shows that the court, after a hearing outside the presence of the jury, allowed Newberry to testify about the incident involving the pistol and that the victim had a reputation in the community for being "pretty wild." Consequently, we find no error under *Morris v. State*, 254 Ga. 273 (328 SE2d 547) (1985). Nichols also maintains that the trial court erred by prohibiting testimony regarding allegations that the victim sold alcohol without a license and testimony relating to the victim's sobriety. Without reaching the question of the admissibility of such testimony, we hold that no error was committed because the evidence was offered before a proper foundation had been laid and counsel subsequently failed to renew his proffer.

5. We have examined Nichol's enumerations of error regarding several jury instructions and find them to be without merit.

6. The evidence was sufficient to support the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1987.

*Alice C. Stewart,* for appellant.

*Thomas J. Charron, District Attorney, W. Thomas Weathers III, Assistant District Attorney, Michael J. Bowers, Attorney Gen-*

*eral, J. Michael Davis, Assistant Attorney General,* for appellee.