## 44893. REESE v. THE STATE.
(361 SE2d 796)

CLARKE, Presiding Justice.

The indictment charged Reese with murder, armed robbery and concealing a death.[1] On each charge, the jury returned a verdict of

---

[1] The crime occurred April 2, 1984. Appellant was indicted May 30, 1984, tried beginning September 26, 1984, and convicted September 28, 1984. He was sentenced October 25, 1984. The motion for new trial, filed April 23, 1985, was denied February 18, 1986. The transcript was certified on July 17, 1987. The case was docketed in the Georgia Court of Appeals

guilty but mentally ill and the court sentenced Reese to life in prison for murder, twenty years for armed robbery and twelve months for concealing a death. The term of years sentences run concurrent with the life sentence. In his appeal, Reese contends that his trial counsel failed to provide him with effective assistance. We disagree and affirm.

The discovery of Clyde Hartman's body in the crawl space under Reese's home followed a search conducted by Reese's father. The elder Reese noticed a large red spot on the rug in the house which according to the defendant was cake coloring. The father's suspicion caused him to follow drag marks in the yard leading to the location of the body. An overnight type bag covered the head and shoulders of the deceased.

Reese gave two statements to the police. In the first statement, he admitted shooting and killing Hartman but claimed the incident to be the result of an accident. Later Reese said he wanted to shoot the victim "for his car and to get back at him for homosexual acts he did to me." He recounted his search for an opportunity to commit the crime first at the victim's apartment where he encountered other people and then at Reese's home where he had encouraged the victim to come to talk about the purchase of a train set. He admitted the shooting, the taking of the victim's wallet and car keys, and the hiding of the body. He further told of driving the victim's car to school to secure the assistance of a friend to hide the body. The friend admitted in his testimony that he assisted in dragging the body under the house.

At the time the crime was committed, defendant was fifteen years of age and evidence suggests he possessed a mental age of twelve years. His trial counsel stipulated the admissibility of the two statements given by Reese and proceeded to trial on the issue of Reese's ability to distinguish between right and wrong.

1. A review of the record authorizes a conclusion that the verdict of the jury meets the standards established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The only remaining issue is that of the effectiveness of trial counsel. On appeal Reese points to trial counsel's stipulation of the admissibility of his statements to the authorities. He argues that his mental capacity was impaired to the point that the statements could not have been voluntary. Trial counsel testified at the hearing on the motion for new trial and explained the failure to contest the admission of the statements was a matter of trial strategy. He took the po-

---

on July 22, 1987, and transferred to this court on July 28, 1987. The case was submitted for decision September 11, 1987.

sition that the statements supported the defense of not guilty by reason of insanity. The standard of review on the question of trial counsel's effectiveness is whether the conduct of counsel thwarted the adversary process to the point that the result of the trial could not be relied upon as being just. To meet this standard, the defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

We cannot find here such conduct on the part of the trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1987 —
RECONSIDERATION DENIED NOVEMBER 24, 1987.

*Allen & Gilmore, Benjamin Allen*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General*, for appellee.