## 76028. RIDGEWAY v. THE STATE.
(370 SE2d 216)

McMURRAY, Presiding Judge.

Defendant was charged by Indictment A-89787 with Violation of Georgia Controlled Substances Act (possession of cocaine with intent to distribute). Indictment A-89721 charged defendant, along with three others, of trafficking in heroin and Violation of the Georgia Controlled Substances Act (possession of cocaine with intent to distribute). On Indictment A-89787 the jury found defendant guilty of simple possession. On Indictment A-89721 defendant was acquitted of the trafficking in heroin charge and found guilty of possession of cocaine with intent to distribute. Defendant appeals, raising as his sole enumeration of error the trial court's denial of his motion for directed verdict with regard to Indictment A-89721. *Held:*

The State's evidence shows that defendant was arrested during the search of an apartment. Defendant had not been observed during police surveillance of the apartment and his name was not on the search warrant. The search warrant contained a "no-knock clause" and police entered the apartment after they kicked the back door in, entering through the kitchen of the apartment. Defendant was found standing in the living room area of the apartment. At the time of the entry one of defendant's co-indictees was in the kitchen and another was standing in the living area with defendant. On the floor near defendant's feet was a folded dollar bill which when unfolded revealed a white powdered substance, and there was more money on a nearby table. Defendant was arrested after advising officers that the money was his. A custodial search of defendant revealed three more folded dollars containing a white powder, a plastic packet containing a white powder and a set of keys for the doors to the apartment. The white powder in the folded dollar bills was identified as cocaine. The co-

caine found on and about defendant's person was the basis of the charges in Indictment A-89787 and is not the basis of the charges addressed by defendant's enumeration of error.

At issue are the charges in Indictment A-89721 which are based upon heroin and cocaine found in other locations in the apartment. In one of the bedrooms officers found bags containing glassine bags of cocaine and heroin. In the kitchen officers found a zip-lock plastic bag containing glassine bags of heroin. Also found in the kitchen and bedrooms of the apartment were various measuring spoons and scales, empty glassine bags and quantities of white powder suspected to be cutting agents. A lease for the apartment was found in the name of one of defendant's co-indictees.

" 'It is well established that merely having been in the vicinity of contraband does not, without more, establish possession. (Cits.)' *Donaldson v. State*, 134 Ga. App. 755, 756 (216 SE2d 645)." *Blount v. State*, 181 Ga. App. 330, 332 (352 SE2d 220). Also " ' "(p)resence at the scene of a crime is not sufficient to show that a defendant is a party to the crime under OCGA § 16-2-20. (Cits.) Even approval of the act, not amounting to encouragement, will not suffice. (Cit.) This is so because under OCGA § 24-4-6 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' " (Cit.)' *Moore v. State*, 255 Ga. 519, 520 (1) (340 SE2d 888) (1986)." *Crenshaw v. State*, 183 Ga. App. 527, 528 (359 SE2d 419). In the case sub judice, this evidence authorizes the conclusion that defendant was aware of the contraband in the apartment. Also, the contraband found on defendant's person which forms the basis of the charges in Indictment A-89787 clearly suggests a predisposition on the part of defendant to violate the Georgia Controlled Substances Act. This evidence combined with the presence of a key to the apartment on the person of defendant raise grave suspicions of defendant's guilt. Yet we cannot say that the State's evidence excludes every reasonable hypothesis other than defendant's guilt. In this connection we note that the State's evidence fails to associate the contraband on defendant's person with that found in the bedrooms and kitchen of the apartment. In each instance the packaging of the contraband was different and the laboratory test on the contraband did not provide any information in this regard since no quantitative analysis of the contraband was performed.

Even if such were not the case, the question would remain as to whether defendant was a customer or co-conspirator. Although the keys found on defendant clearly show that he had access to the apartment, there was no evidence that he resided therein or was engaged in any conspiracy with his co-indictees to possess and distribute the

drugs found in the kitchen and bedrooms of the apartment. While the evidence creates the gravest suspicion that defendant may be guilty of the offense of which he was convicted under Indictment A-89721, suspicion is not sufficient to support a conviction. *Crenshaw v. State*, 183 Ga. App. 527 (1), supra. *Benda v. State*, 142 Ga. App. 555 (236 SE2d 535); *Blount v. State*, 181 Ga. App. 330, 332, 333 (2), supra. The trial court erred in failing to grant defendant's motion for directed verdict as to Indictment A-89721.

*Judgment reversed as to Indictment A-89721. Pope and Benham, JJ., concur.*

DECIDED JUNE 2, 1988.

*J. Douglas Willix*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Alfred D. Dixon, Assistant District Attorneys*, for appellee.