A89A0403. OGLESBY v. THE STATE.
(384 SE2d 192)

BENHAM, Judge.

Appellant was convicted of trafficking in cocaine and possession of a firearm during the commission of a felony. OCGA §§ 16-13-31; 16-11-106 (b). In his sole enumeration on appeal, appellant contends the trial court should have granted his motion for a directed verdict of acquittal because the State allegedly failed to prove appellant had actual possession of the cocaine.

The undercover agent involved in the transaction testified that he met with a middleman, showed him $8,000 cash, and stated his desire to purchase seven ounces of cocaine. The go-between left to talk with his supplier, a man he called "Darryl," and later spoke again with the undercover agent, saying that his source agreed to distribute seven ounces of cocaine at 9:20 p.m. that night at a grocery store on Klondike Road. He also described the vehicle which the source would be driving. The undercover agent arrived at the appointed place àt the appointed time; talked briefly with the middleman who pointed out the source's vehicle; and drove to that vehicle, which was backed into a parking space against the side of the grocery store. The agent parked his car so that his passenger door faced the source's passenger door. A brown bag, the contents of which were later discovered to weigh 193 grams and contain at least 44.9 grams of pure cocaine, was passed to the undercover agent. Carrying the bag, the agent left his car and, pursuant to a prearranged signal, surveillance officers arrested the middleman and appellant, the occupant of the vehicle described to be that of the middleman's source.

Appellant was charged with being "knowingly in actual possession of more than 28 grams of a mixture containing cocaine." We note that the General Assembly has since removed actual possession as an essential element of the crime. Ga. L. 1988, p. 420, Sec. 2. "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). Appellant's motion for directed verdict centered on the fact that no one testified to seeing appellant in possession of the brown bag that contained the cocaine involved. Appellant is entitled to a directed verdict of acquittal if "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' . . . ." OCGA § 17-9-1 (a). The undercover agent and one of the arresting officers testified that appellant made a post-arrest state-

ment that the cocaine involved in the busted transaction had been fronted to him by another person. Appellant also admitted that he was to have made $1,000 in the deal gone awry. The undercover agent explained that "fronted" was a street term meaning that appellant's supplier had given appellant the cocaine without then receiving payment for it. Since the jury could infer from appellant's statement that he did have actual possession of the contraband, the trial court correctly denied appellant's motion for a directed verdict of acquittal.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 23, 1989 —
REHEARING DENIED JULY 7, 1989 —

*Joseph J. Saia*, for appellant.
*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney*, for appellee.