A89A0595. DANIELS v. THE STATE.
(385 SE2d 107)

POPE, Judge.

Appellant was convicted of trafficking in cocaine and violation of the Georgia Controlled Substances Act by possession of more than one pound of marijuana with intent to distribute. In his appeal, he enumerates 11 errors.

1. Acting on a tip, police began surveillance on an apartment leased to Brenda Clay. During several days of surveillance, police observed appellant enter and leave the apartment several times. On September 22, 1987, police obtained a search warrant and entered the premises. In the closet of the master bedroom, they found approximately $131,000 in cash in one piece of luggage and approximately three kilos of cocaine in another luggage bag. Male and female clothes were found in the closet where the cocaine and cash were stored. In the living room closet, police found over a pound of marijuana as well as scales and a sifter containing white residue. Business records and cancelled checks pertaining to two businesses owned by appellant were also found.

Police arrested appellant and Brenda Clay at T. D. Auto Sales,

which appellant owned and which employed Clay as an administrative assistant. Clay testified that she and appellant were dating and that he often stayed at her place overnight and that he had a key. Only appellant, Clay and her son had keys. Clay also testified that when appellant told her he could not find his key, she would leave a key over the light for him. At the time he was arrested, police seized a key from appellant's key ring that fit Clay's door. Clay testified that appellant had flown back from Las Vegas on September 21, 1987, and that she had picked him up at the airport. He was carrying black luggage that he placed in the master bedroom at her apartment. Appellant stayed the night with Clay. Clay also testified that after the two were arrested, they were driven together by the police to the station. During the ride she asked appellant how the drugs got there. He replied that Artise Johnson was supposed to remove the drugs before she got home. He also asked her to say that she did not know anything about what was going on. Appellant denied ever staying at Clay's house, denied any personal relationship with her, and denied possession of the drugs or any knowledge of them.

From the foregoing, we find the evidence sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "[I]t is well settled that the appellate court assesses not the weight of the evidence, but its sufficiency. [Cit.]" *Millines v. State*, 188 Ga. App. 655, 657 (373 SE2d 838) (1988). There is no merit to appellant's argument that the evidence was insufficient to establish actual possession. *Oglesby v. State*, 192 Ga. App. 165 (384 SE2d 192) (1989); *Reed v. State*, 186 Ga. App. 539 (367 SE2d 809) (1988).

2. Appellant alleges that the trial court erred in allowing the prosecution to admit evidence of his character in its opening statement and throughout the trial. There is no merit to this argument in regard to the opening statement for appellant made no objection. Thus, there is nothing for this court to review. *Cargill v. State*, 255 Ga. 616, 636 (340 SE2d 891) (1986); *Cooper v. State*, 188 Ga. App. 297 (1) (372 SE2d 679) (1988). Testimony by Brenda Clay that appellant had kept and used marijuana in her apartment and that he possessed large sums of money derived from selling drugs was admissible to show intent, motive or scheme. *Chambers v. State*, 154 Ga. App. 620 (5) (269 SE2d 42) (1980). Nor was it error to admit Clay's testimony that after their arrests, appellant told her that he had "a stack of money so high to get rid of whoever was responsible" for sending him to jail. *Bridges v. State*, 246 Ga. 323 (2) (271 SE2d 471) (1980). The statement tends to show consciousness of guilt and is therefore admissible.

3. The trial court did not err in failing to charge on alibi. *Pearson*

*v. State*, 164 Ga. App. 337, 338 (297 SE2d 98) (1982).

4. The record shows that the trial court properly charged actual possession regarding the trafficking count pursuant to *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). The trial court then charged the jury regarding the possession of marijuana with intent to distribute count and in regard to that charged the jury on actual and constructive possession. We find no error.

5. The trial court did not err in failing to charge on the doctrine of "equal access." This defense is available to an accused to whom a presumption of possession flows. *Castillo v. State*, 166 Ga. App. 817 (2) (305 SE2d 629) (1983). Appellant did not own the apartment in which the contraband was found and denied living there or ever visiting there. Appellant did not request such a charge at trial and made no objection at trial concerning the absence of such a charge. There is no merit to this enumeration.

6. We have examined the charge and find that it adequately informed the jury on its options to find appellant guilty or not guilty of the charges against him.

7. There is no merit to appellant's argument that the court erred in charging on lesser included offenses. *Waters v. State*, 177 Ga. App. 374 (3) (339 SE2d 608) (1985).

8. The trial court did not err in allowing Brenda Clay to testify to what appellant told her in the police car after they were arrested. *Ramsey v. State*, 165 Ga. App. 854 (4) (303 SE2d 32) (1983).

9. Finally, appellant, who is represented by different counsel on appeal, contends that he was denied effective assistance of counsel at trial. He first argues that this was the case because of an alleged conflict of interest with Brenda Clay who was arrested with appellant and later testified against him. Trial counsel was called by appellant after his arrest and went to the College Park police station. When he arrived, appellant and Clay were seated in a room with police also present. Clay and appellant each told trial counsel that the drugs did not belong to them and Clay also said she knew nothing about them. Trial counsel replied that he did not think they were hers, but that none of them should say more around the police. Trial counsel testified at the motion for new trial hearing that he never consented to represent Clay and told her she needed an attorney and that appellant indicated he would arrange to get a lawyer for her.

Shortly before trial, trial counsel learned that Clay had agreed to testify against appellant. On cross-examination of Clay, trial counsel questioned why she had waited so long to decide that the contraband belonged to appellant, a change from her earlier position that she knew nothing about it. In the course of the cross-examination, Clay testified "You, yourself, when you came to visit me, told me that you knew that the things that they found in my apartment didn't belong

to me, and that [appellant] had told you that as well."

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. In the case sub judice, the defendant has failed to show in the record any actual conflict of interest or how such potential conflict of interest actually impaired the attorney's performance or representation. These contentions raise only the possibility of conflict. A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence." *Craddock v. State*, 173 Ga. App. 133, 134 (325 SE2d 804) (1984). (Citations and punctuation omitted.) The record does not support appellant's argument that an actual conflict of interest existed.

We have examined appellant's remaining arguments that his trial representation was inadequate and have reviewed the trial transcript and the transcript of the hearing on motion for new trial in which the ineffective assistance of counsel argument was presented to the trial court and find no error. Trial counsel did not make errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Nor was the defense prejudiced in a manner that would deprive appellant of a fair trial. *Hosch v. State*, 185 Ga. App. 71, 71-72 (363 SE2d 258) (1987).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 25, 1989 — 

*Gort, Hassett, Cohen & Beitchman, Cliffe L. Gort,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Thomas Jones, Joseph J. Drolet, Assistant District Attorneys,* for appellee.