A90A1854. IN THE INTEREST OF A. H., a child.
A90A1855. IN THE INTEREST OF A. M. G., a child.
(404 SE2d 341)

POPE, Judge.

A. H. and A. M. G., juveniles, were each charged with one count of possession of cocaine with intent to distribute. On appeal, they argue the general grounds. Held:

The evidence showed that a confidential informer told police that he had been asked to deliver cocaine to the apartment of Mark Harris. Police had the apartment under surveillance for approximately one-and-one-half hours before the delivery of the cocaine. They observed A. H. and A. M. G. arrive at the apartment 15 to 20 minutes before the cocaine was delivered. A half hour after the delivery, police executed a no-knock search warrant. Upon entering the apartment, police found A. H. and A. M. G., Harris' girl friend and Tony Harris in the living room and immediately ordered them to lie down on the floor. Mark Harris and Stanley Wells were caught in the rear of the apartment, apparently attempting to dispose of cocaine in the bathroom. The cocaine had been delivered in cake form. The cocaine found on a table in the living room was in "rock" form. Police also found a razor blade on the table that apparently had been used to cut the cocaine, as well as small glassine bags used to package the cocaine. The entire living room was approximately ten feet by 12 feet. Although A. H. testified that he and A. M. G. were watching televi-

sion and were not aware of the cocaine, police officers who executed the warrant testified that the table upon which the cocaine was being cut and packaged was easily visible from all parts of the living room.

A. H. and A. M. G. rely upon *Ridgeway v. State*, 187 Ga. App. 381 (370 SE2d 216) (1988), and argue that the evidence in this case is similar to that in *Ridgeway* and shows no crime, but only their presence at the place others committed the crime. We disagree and affirm. In *Ridgeway*, the court found that Ridgeway's presence in the living room of premises did not, without more, connect him with heroin and cocaine found in other rooms of the house. This was true even though Ridgeway had a key to the premises and was found with cocaine on his person. (The court noted that the conviction based upon the cocaine found on Ridgeway was not appealed.) In the present case, A. H. and A. M. G. were found in the same small room in which cocaine was being prepared for retail sale. There was evidence that they arrived only after the delivery of the cocaine was arranged, but well before the actual delivery took place. A rational trier of fact would be justified in concluding from this evidence that the defendants were more than merely present but were parties to the conversion of the cocaine from cake form into "rocks" suitably packaged in glassine bags for retail sale. The evidence is sufficient to satisfy the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Cooper and Andrews, JJ., concur. Carley, J., concurs in judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Other than presence in an apartment living room with four adults, a toddler and a baby when cocaine was being packaged into small quantities, the only evidence that defendants were parties to the crime of possession of cocaine with intent to distribute was nonprobative hearsay. It was the officer's testimony that he had information from a confidential informant that led him to believe they were "involved" in Harris' business of selling cocaine, i.e., that they "were running the drugs . . . for Mr. Harris." Because it is inadmissible hearsay, *Hart v. State*, 174 Ga. App. 134 (1) (329 SE2d 178) (1985), it must be discounted and what is left, considered.

The one defendant who testified said they were watching television and he was unaware of the cocaine. He stated that it did not arrive while he was present. Even if the factfinder disbelieved these statements and found that the defendant was not speaking the truth in these respects, this fact together with what was admissible evidence of guilt, was insufficient to find commission of the acts "beyond a reasonable doubt." OCGA § 15-11-33 (c). Knowledge of the presence

of, and activity surrounding, the cocaine, and even approval of it which does not amount to encouragement, is not sufficient. *Ridgeway v. State*, 187 Ga. App. 381, 382 (370 SE2d 216) (1988), applies this and other principles relevant to this case. See also *Edwards v. State*, 194 Ga. App. 571, 573 (4) (391 SE2d 137) (1990).

DECIDED MARCH 15, 1991.

*Ronnie K. Batchelor*, for appellants.
*Phyllis Miller, Solicitor*, for appellee.