A91A0772. LAWRENCE v. STATE OF GEORGIA.
(410 SE2d 136)

CARLEY, Judge.

By reason of insanity, appellant was found not guilty of burglary and motor vehicle theft. The trial court, acting pursuant to OCGA § 17-7-131 (d), nevertheless retained jurisdiction over appellant and ordered his detention in a state mental health facility for a 30-day evaluation of his mental condition. After the expiration of the evaluation period, the trial court, acting pursuant to OCGA § 17-7-131 (e), ordered involuntary treatment of appellant as a mentally ill person. It is from this latter order that appellant appeals.

1. "Appellant's contention that the [state's] expert witness was permitted to testify as to the hearsay upon which his opinion was

based is not supported by the record. The witness [indicated] that his opinion was based partly on [the observations and notes of various support personnel], but he did not repeat those [observations]. Moreover, '[a]n expert may base his opinion on hearsay and may be allowed to testify as to the basis for his findings. [Cits.]' [Cit.] An expert's opinion, based in part upon hearsay, is not inadmissible. The lack of personal knowledge goes to the weight and credibility of the expert's testimony, not its admissibility. [Cit.]" *Blackburn v. State*, 180 Ga. App. 436, 437 (3) (349 SE2d 286) (1986). See also *King v. Browning*, 246 Ga. 46, 47-48 (1) (268 SE2d 653) (1980).

2. Appellant also asserts the general grounds.

"It appears both from the record and from the briefs of the parties that the appellant does not dispute that he is a 'mentally ill person requiring involuntary treatment' within the contemplation of OCGA §§ [17-7-131 (e)] and 37-3-1 (11[, 12]). The dispute is over whether he is subject to involuntary treatment as an 'inpatient' pursuant to OCGA § . . . 37-3-1 (9.1), or whether he should be treated as an 'outpatient' pursuant to OCGA § [37-3-1 (12.1)]. . . . The term 'inpatient' is defined by OCGA § 37-3-1 (9.1) as follows: ' "Inpatient" means a person who is mentally ill and: (A) (i) Who presents a substantial risk of imminent harm to that person or others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to that person or other persons; or (ii) Who is so unable to care for that person's own physical health and safety as to create an imminently life-endangering crisis; and (B) Who is in need of involuntary inpatient treatment.' " *Ruff v. Central State Hosp.*, 192 Ga. App. 631-633 (2) (385 SE2d 734) (1989).

The evidence shows that, despite some improvement in his condition, appellant was diagnosed as a paranoid schizophrenic, who would not likely take his medication regularly as an outpatient and who would thereby cause the return of his particular symptoms, including delusions and social withdrawal. Moreover, there was evidence of a recent lack of parental involvement in appellant's life and a lack of parental ability to control him. In the opinion of the state's expert, appellant was "so unable to care for [his] own physical health and safety as to create an imminently life-endangering crisis." When later confronted by appellant's counsel with an overly restrictive definition of the phrase "imminently life-endangering" (see generally *Kuhr Bros. v. Spahos*, 89 Ga. App. 885, 888-889 (2b) (81 SE2d 491) (1954)), the state's expert denied that such endangerment would be imminent, but this does not vitiate the probative value of his prior opinion. In any event, the other evidence shows that a crisis would be no less "imminently life-endangering" than that in *Ruff*. "Based on our review of the transcript, we hold that there was 'clear and convincing

evidence,' see OCGA § 37-3-1 (8), to support the trial court's determination that if the appellant were discharged from the hospital, he would be so unable to care for his own physical health and safety as to create an imminently life-endangering crisis." *Ruff v. Central State Hosp.*, supra at 633 (2).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*J. O'Quinn Lindsey*, for appellant.

*Willis B. Sparks III*, District Attorney, *Graham A. Thorpe, Howard Z. Simms*, Assistant District Attorneys, for appellee.