## A91A1673. ROBINSON v. THE STATE.
(417 SE2d 404)

ANDREWS, Judge.

Robinson appeals his conviction for trafficking in cocaine resulting from an August 1989 search of a mobile home. Three other co-defendants are not involved in this appeal.

1. In his first two enumerations of error, Robinson contends that the evidence was insufficient to sustain the verdict. We disagree.

The state presented evidence that when the search warrant was executed, the knock was answered by co-defendant Hart. Hart and Marcial Robinson had been observed going into the trailer 30 minutes before the warrant was executed. Prior to arriving at the trailer, the two men had been observed in another location. Robinson was known to use at least two aliases, Anthony R. and Anthony Chicago, and the warrant upon which the search was based named "Anthony" as a suspect. Upon entering, the officer saw Robinson standing in the living room of the mobile home. In the middle of the living room floor, on an old air conditioner used as a table, were numerous one-inch by one-inch plastic bags of a type used to package crack cocaine for sale,

a razor blade and pieces of styrofoam. No crack was found in the living room although marijuana was. Upon seeing the officer, Robinson ran directly to the bathroom in the rear of the trailer and into the rear bedroom through the bathroom's rear door. He was pursued by the officer who witnessed Robinson throw a large amount of cash under the bed. Eight hundred and forty-eight dollars were found under the bed; two large plastic bags containing much larger pieces of crack were found in the bathroom, one in the commode tank and one in view on top of the medicine cabinet. A single rock of crack was found in a bag in Robinson's sock and $50 in cash in his pocket. Two women and a child were also in the bedroom watching television. Hart pled guilty to trafficking, the two women were found not guilty, one by jury and the other by directed verdict.

"Under *White v. State*, 253 Ga. 106, 107 (317 SE2d 196) (1984), 'circumstantial evidence must exclude only reasonable inferences and hypothes[e]s and it is not necessary that such evidence be devoid of every inference or hypothesis except that of the defendant's guilt.' " *Peppers v. State*, 261 Ga. 338, 339 (1) (404 SE2d 788) (1991). See also *Torgerson v. State*, 200 Ga. App. 837, 839 (1) (410 SE2d 40) (1991).

" 'Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law.' [Cits.]" *Chambless v. State*, 165 Ga. App. 194, 196 (2) (300 SE2d 201) (1983). Here, the jury's conclusion that Robinson was a seller, thereby rejecting his proffered hypothesis, cannot be said to be unsupportable as a matter of law. Resolution of conflicting theories drawn from evidence is for the jury and it is not our province to reweigh the evidence and their inferences drawn from it. *Holcomb v. State*, 198 Ga. App. 547 (402 SE2d 520) (1991); see OCGA § 24-9-80.

This case is factually similar to *In the Interest of A. H.*, 199 Ga. App. 178 (404 SE2d 341) (1991). Thus, applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we hold that the evidence was amply sufficient to enable a rational trier of fact to find Robinson guilty beyond a reasonable doubt of the offense of trafficking in cocaine. See *In the Interest of A. H.*, supra.

2. Defendant contends that he was denied effective assistance of counsel. This enumeration of error is predicated on trial counsel's calling neither defendant nor co-defendant Hart as witnesses at trial. The evidence developed on the hearing on defendant's motion for new trial on this ground shows that defendant's trial counsel discussed the advantages and disadvantages of presenting such evidence with defendant and that it was mutually decided as a matter of trial strategy that neither would be called to testify. The superior court

did not err in holding that under these circumstances ineffective assistance of counsel was not shown. *Nichols v. State*, 257 Ga. 558 (2a) (361 SE2d 486) (1987). Nor do we find error in the superior court's conclusion that there was no reasonable probability that the result of the proceeding would have been different had these witnesses been called. *Reese v. State*, 257 Ga. 624, 625 (2) (361 SE2d 796) (1987).

3. Defendant enumerates the denial of his motion to dismiss the indictment. Both before the trial court and here, Robinson complained only of the delay following his arrest and prior to his indictment, not post-indictment/pre-trial delay. Thus, the alleged violation of his Fifth and Fourteenth Amendment rights is meritless. See generally *Haisman v. State*, 242 Ga. 896, 897 (2) (252 SE2d 397) (1979). Accordingly, this enumeration presents nothing for our review.

4. The trial court did not err in refusing to include, in the charge to the jury, defendant's requested instructions numbers 2 and 3 which incorporated the doctrine of "equal access." "This defense is available to an accused to whom a presumption of possession flows. [Cit.]" *Daniels v. State*, 192 Ga. App. 446, 448 (5) (385 SE2d 107) (1989).

5. The defendant contends that it was error for the trial court to permit the state expert, a crime laboratory chemist, to testify concerning the "street value" of the confiscated drugs because he was not qualified as an expert and because his testimony was based on inadmissible hearsay. The chemist testified that he had accumulated knowledge of the street value of cocaine as a result of his experience over years of comparing the prices paid by undercover officers during their undercover purchases with that which was supplied to him for analysis.

"It is within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or profession as to entitle him to be an expert. [Cit.] 'To qualify as an expert (see [OCGA § 24-9-67]), generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study.' [Cit.]" *Evans v. State*, 176 Ga. App. 818, 822 (3) (338 SE2d 48) (1985). Inasmuch as the trial court's ruling is supported by the evidence, we find no abuse of discretion. *Ingram v. State*, 178 Ga. App. 292 (1) (342 SE2d 765) (1986).

Likewise, the chemist's testimony as to street value of drugs was not inadmissible because based in part on hearsay. *Blackburn v. State*, 180 Ga. App. 436 (3) (349 SE2d 286) (1986).

In addition, since the witness testified as to the basis for his estimate of value, it was not necessary that he be qualified as an expert. OCGA § 24-9-66.

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Pope, Cooper and Johnson, JJ., concur. Beasley, J., concurs specially. McMurray,*

*P. J., and Carley, P. J., dissent.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 2-5. I concur in Division 1 except that I do not agree that the case is "factually similar" to *In the Interest of A. H.*, 199 Ga. App. 178 (404 SE2d 341) (1991), to the extent found by the majority in its analysis. I do agree that the evidence here was amply sufficient to sustain a conviction.

McMURRAY, Presiding Judge, dissenting.

There is no evidence showing defendant's relationship with the other individuals found on the premises. It was not established that defendant had any possessory or proprietary interest in the premises. There is no evidence showing a connection between defendant and the cocaine found concealed in the bathroom. The evidence, including defendant's possession of 1.1 grams of cocaine, his flight upon arrival of the officers, and his possession of a quantity of currency ($848), was not sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that his presence in the residence was in the capacity of seller or co-conspirator rather than purchaser. *Ridgeway v. State*, 187 Ga. App. 381 (370 SE2d 216).

While alluding to hearsay statements upon which the search warrant was predicated and citing black letter law concerning the jury's place in the resolution of conflicting evidence, the majority fails to reference *any* evidence presented at trial which demonstrates a connection between defendant and the crack cocaine found in the bathroom. Furthermore, the majority's reliance upon *In the Interest of A. H.*, 199 Ga. App. 178 (404 SE2d 341) is entirely misplaced. The juveniles in *In the Interest of A. H.* were shown to have been present in the room where a shipment of cocaine was received, and then cut and packaged for sale. The decision in *In the Interest of A. H.* placed great emphasis on the juveniles' presence in the room while the cocaine was received and processed. In contrast, there is no evidence that defendant had any knowledge of the cocaine in the bathroom or had ever been in the same room with that cocaine prior to his attempt to escape the entering officers by that route.

While the evidence is sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that defendant possessed 1.1 grams of cocaine, a similar conclusion that he possessed a greater quantity of cocaine is not authorized since no direct or circumstantial evidence has established that defendant possessed the bathroom caches of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Due to the lack of proof that defendant possessed the requisite quantity of cocaine (28 grams, see OCGA § 16-13-31 (a) (1)), his conviction for trafficking in cocaine should be reversed and defendant

resentenced on the lesser included offense of possession of cocaine. *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532).

I am authorized to state that Presiding Judge Carley joins in this dissent.

DECIDED MARCH 18, 1992 — RECONSIDERATION DENIED APRIL 3, 1992 —

*Leon M. Braun, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.