A99A1117. BEECHER v. THE STATE.
(523 SE2d 54)

SMITH, Judge.

Robert Beecher was convicted by a jury on one count of arson in the first degree. He appeals from the denial of his motion for new trial. Although we find no error in the judgment of conviction against Beecher, we agree with Beecher that his sentence must be reversed and vacated and the case remanded for resentencing.

1. Beecher contends that the trial court erroneously failed to grant his motion for directed verdict, arguing that no evidence was presented that the fire was intentionally set or that he was "anywhere near the fire." We disagree.

Construed to uphold the jury's verdict, evidence was presented that Beecher and the victim's next-door neighbor, Rennenberg, were involved in a relationship, but this relationship deteriorated after Rennenberg gave birth to Beecher's child. For example, after the child was born, Rennenberg obtained a temporary protective order against Beecher based on her allegations that he "abused, threat-

ened, destroyed family property or perpetrated other acts of family violence." The petition filed by Rennenberg for the protective order further stated that Beecher threatened to kill her if she left with their child, blew marijuana smoke in the child's face, hit and punched her, and had threatened to leave with the child.

According to the victim, he often assisted Rennenberg during her relationship with Beecher. The victim stated that he allowed Rennenberg to stay in his home when Beecher "abused" her. He also testified that he drove Rennenberg to Connecticut on one occasion to get her away from Beecher, because Beecher was harassing and threatening her. The victim stated that Beecher did not "care too much for me" because of the help he gave to Rennenberg from time to time. The last such assistance occurred in early November 1995, when he drove Rennenberg and her baby to Florida as a result of Beecher's alleged threats to Rennenberg. On November 2, while the victim was still in Florida, a large portion of his house burned.

L. S. Seabolt, Jr., an arson investigator, testified that the fire began on the back porch of the house. He determined that clothing was probably used to start the fire, that nothing indicated that the fire was accidental, and that the fire had been set by someone. Beecher's uncle testified that during a conversation with Beecher at a local restaurant, Beecher was upset about the victim's driving Rennenberg to Florida and stated that he would "get rid of" the victim and planned to "burn the place down." At the same restaurant, in early November 1995, another witness overheard Beecher cursing and talking in a loud voice about the victim, stating that "he got [the victim] and he wouldn't have to worry about [him] any more." Although Beecher denied any involvement in the fire and presented evidence that the victim's son and girlfriend had washed clothes at the victim's home shortly before the fire began, the circumstantial evidence was sufficient to permit a rational trier of fact to convict Beecher under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Collins v. State*, 201 Ga. App. 433-434 (1) (411 SE2d 341) (1991).

2. Beecher contends the trial court erroneously allowed the State to introduce expert testimony that the fire was intentionally set, arguing that this issue is not one subject to proof by expert opinion. We find no merit in this argument. It is well settled that an expert may give an opinion or conclusion even on the ultimate issue when that conclusion is beyond the ken of the average layman. *Blackburn v. State*, 180 Ga. App. 436, 437 (349 SE2d 286) (1986). And here, as in *Blackburn*, the cause of the fire "was such an issue as called for an expert's conclusion." Id.

Beecher also argues that the expert's opinion was not based on facts introduced into evidence. This contention is belied by the

record. The expert testified concerning the manner in which he investigated the fire and how he determined the fire's point of origin. Although he could not determine whether any flammable liquid or accelerant was used, he did conclude that clothing was probably used to start the fire. Some facts on which the expert's opinion could be based were introduced. Furthermore, the fact that an expert's opinion may be based in part on facts not in evidence goes to the weight, and not the admissibility, of the expert's opinion. *Roberson v. State*, 214 Ga. App. 208, 211 (8) (447 SE2d 640) (1994).

3. In related enumerations, Beecher contends that the court erroneously permitted the State to introduce bad character evidence, that the State committed prosecutorial misconduct by introducing such evidence, and that he was denied effective assistance of counsel by his trial counsel's failure to object to admission of this evidence.

Throughout the trial, the State introduced evidence concerning the relationship of Beecher, Rennenberg, and the victim. For example, as mentioned above, the trial court admitted the temporary protective order obtained by Rennenberg, which alleged misconduct by Beecher toward Rennenberg. Beecher contends that this document, as well as other evidence surrounding the relationship of these three people admitted by the trial court, impermissibly placed his character in issue. We find no merit in Beecher's contention. Beecher's trial counsel did not object to the admission of this evidence, and he therefore has waived any error. See, e.g., *Anthony v. State*, 236 Ga. App. 257, 259 (2) (511 SE2d 612) (1999). As for Beecher's broad contention that the State committed prosecutorial misconduct by placing his character in evidence, "[p]rosecutorial [mis]conduct not objected to at trial will not warrant reversal on appeal." (Citation and punctuation omitted.) *Jones v. State*, 232 Ga. App. 505, 507 (3) (502 SE2d 345) (1998).

Furthermore, we cannot agree with Beecher that trial counsel's failure to object amounted to ineffective assistance of counsel. First, Beecher's counsel did not raise before the trial court the issue of failure to object to alleged bad character evidence as a basis for an ineffectiveness claim. Because this allegation of ineffectiveness raised by Beecher on appeal differs from those raised before the trial court, this ground is deemed waived. See *Hayes v. State*, 262 Ga. 881, 882 (2) (426 SE2d 886) (1993); *Stone v. State*, 229 Ga. App. 367, 371 (494 SE2d 48) (1997). Second, even assuming that Beecher has not waived appellate review of this contention, the evidence admitted by the trial court was relevant and admissible to show the relationship between Beecher and the victim and Beecher's possible motive. Relevant evidence is not inadmissible merely because it may incidentally place a defendant's character into evidence. See, e.g., *Speed v. State*, 270 Ga. 688, 691 (8) (512 SE2d 896) (1999).

4. Beecher contends he was denied effective assistance of counsel because his trial counsel failed to call a certain witness who may have provided exculpatory evidence. Beecher's trial counsel testified that she believed this witness could provide no information helpful to Beecher. Also, although Beecher submitted an unsworn, post-trial statement of this witness, implicating the victim in the fire, Beecher's trial counsel testified that she spoke with the witness before trial and his testimony at trial would have differed from the recitations made in the statement. Under these circumstances, we find no merit in Beecher's claim that his trial counsel was ineffective, for this claim is "grounded in matters of trial tactics and strategy and [does] not provide a basis for finding counsel lacking." (Citation and punctuation omitted.) *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999). Tactical or strategic decisions such as the failure to call certain witnesses "do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) Id.

5. Beecher contends that the State failed to give him adequate notice that it intended to introduce evidence of prior convictions during the sentencing phase of his trial. We are constrained to agree. Under OCGA § 17-10-2 (a), a trial judge is authorized to hear evidence in aggravation of punishment, including a defendant's prior criminal record, provided that the State has notified the defendant of its intent to introduce such evidence. Here, Beecher's original trial on June 23, 1997, ended in a mistrial. On the same date, before trial, the State filed a notice of its intention to introduce evidence in aggravation of punishment, evidence that included two prior convictions. But the record does not show that the State notified Beecher, before his second trial, of its intent to introduce evidence in aggravation of punishment. This was error. A notice that previous convictions will be introduced at trial "given prior to a former trial would not be clear notice that the sentences would be introduced at a subsequent de novo trial." *Hewell v. State*, 238 Ga. 578, 580 (2) (234 SE2d 497) (1977). See also *Cline v. State*, 178 Ga. App. 470, 473-474 (3) (343 SE2d 506) (1986). Consequently, the judgment as to sentence must be vacated and this case remanded for resentencing.

*Judgment affirmed as to conviction. Judgment vacated as to sentence and case remanded for resentencing. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 29, 1999 —
RECONSIDERATION DENIED OCTOBER 21, 1999 —

*Phillips & Kitchings, Richard D. Phillips, Joseph C. Kitchings*, for appellant.

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney*, for appellee.