## S01A1643. LINDSEY v. THE STATE.
(559 SE2d 461)

FLETCHER, Chief Justice.

A jury convicted Shanard Lindsey of malice murder in the shooting death of Christopher Warthen.[1] Lindsey appeals, contending that the trial court erred in failing to excuse a juror who was acquainted with the victim's mother. Because the juror was later excused for hardship, we affirm.

The evidence at trial showed that Lindsey, Warthen, Kelly Roberson, and Willie James Roberson were attending a birthday party for Michael Gates. Lindsey accused Warthen of stealing his car. Kelly Roberson tried to prevent an argument, but instead ended up in a fight with Lindsey. The party broke up after the fight, and Gates, Willie James Roberson, and Warthen went to Gates's grandmother's house. Lindsey left the party in a car driven by Will Mohammed. Later, Lindsey drove by Gates's grandmother's house when Warthen, Gates and Roberson were in the front yard. Lindsey parked his car on a side street, approached the house on foot, and shot Warthen multiple times, killing him.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Lindsey guilty of the crime charged.[2]

2. After the jury had been sworn, but before the trial court's opening instructions, one of the jurors notified the court that he was

---

[1] The crime occurred January 14, 1996. A grand jury indicted Lindsey on July 12, 1996. Following a jury trial on May 19, 1997, he was convicted of malice murder and the trial court sentenced him to life imprisonment. In addition to the conviction for malice murder, Lindsey was also convicted of felony murder, aggravated assault, and possession of a firearm by a first offender probationer. The trial court recognized that the felony murder conviction was vacated by operation of law, but then vacated the remaining convictions because they were the underlying felonies for the felony murder count. But see *Malcolm v. State*, 263 Ga. 369, 374 (434 SE2d 479) (1993) (when defendant convicted of malice murder and felony murder, felony murder conviction vacated by operation of law, but underlying felonies do not necessarily merge). Lindsey filed a motion for new trial on June 2, 1997, which the trial court denied on June 5, 2001. Lindsey filed a notice of appeal on June 27, 2001. The case was docketed in this Court on August 3, 2001 and submitted for decision on briefs on September 24, 2001.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

acquainted with the victim's mother through the barber shop where she worked. Lindsey asked that this juror be stricken and stated that he would have used a peremptory strike had he had this information. The trial court denied the motion. The record reflects that this juror was subsequently excused during the trial because of a family funeral and an alternate juror was seated. Lindsey has not demonstrated any harm from the refusal to excuse the juror earlier and, therefore, no reversible error exists.[3]

3. The State used a plea under the First Offender Act[4] to impeach Will Mohammed who testified as a defense witness. Several months after the trial in this case, we concluded that use of the first offender plea for impeachment was improper.[5] However, it is highly probable that the error did not affect the verdict; two eyewitnesses testified that Warthen had no weapon and that Lindsey shot him without provocation. Additionally, Mohammed denied being present at the shooting, and, therefore, his testimony did not touch the central issue of whether Lindsey had fired in self-defense.

4. The trial court did not err in allowing the State to introduce Lindsey's first offender plea because it was admissible to prove the count charging possession of a firearm by a first offender probationer and was not offered as impeachment evidence. Additionally, bifurcation of the possession count was not required because the indictment specified that it was a predicate for the felony murder count.[6]

5. After reviewing the record, we conclude that the trial court's decision to admit 17 pre-autopsy photographs of the victim was not an abuse of its discretion.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*King & King & Jones, David H. Jones, Matthew Ciccarelli*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula*

---

[3] See *Nichols v. State*, 257 Ga. 558 (361 SE2d 486) (1987) (no error to refuse to dismiss juror who was spouse of investigator who had worked on case where juror later became ill and was replaced with an alternate).

[4] OCGA § 42-8-60 et seq.

[5] *Matthews v. State*, 268 Ga. 798, 802 (493 SE2d 136) (1997).

[6] *Head v. State*, 253 Ga. 429, 432 (322 SE2d 228) (1984).

[7] *Dean v. State*, 273 Ga. 806 (546 SE2d 499) (2001) (whether to admit pre-autopsy photographs is within trial court's broad discretion).

*K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.