## 9235. DUNBAR v. THE STATE.

The act of transporting whisky subsequently to the act of 1917 (Acts 1917, Ex. Sess. p. 8, sec. 1) is in itself a violation of the prohibition laws of this State. Accordingly, when on an accusation charging the defendant with a violation of such law in several different ways the verdict finds him "guilty of transporting whisky," the verdict is not a special verdict stopping short of the facts requisite to a conviction, but is a finding that the defendant violated the prohibition law by transporting whisky.

DECIDED DECEMBER 19, 1917.

Accusation of misdemeanor; from city court of Richmond county—Judge Black. September 26, 1917.

C. H. & R. S. Cohen, Archibald Blackshear, for plaintiff in error. W. Inman Curry, solicitor, contra.

HARWELL, J. The defendant was tried on an accusation charging him with "a misdemeanor, to wit, violation prohibition law, for that the said defendant, in the county aforesaid, on the 13th day of September, 1917, . . did unlawfully transport, ship, and carry, and caused to be transported, shipped, and carried from a point without this State to a point within this State, and from place to place in this State, spirituous, vinous, malted, fermented, and intoxicating liquors; and did have, receive, control, and possess, in this State, spirituous, vinous, malted, and fermented liquors." The jury returned a verdict as follows: "We, the jury, find the defendant guilty of transporting whisky." The defendant made a motion in arrest of judgment, upon numerous grounds, the substance of them all being that "the verdict returned by the jury does not find the defendant guilty of any crime or offense upon which judgment or sentence can be pronounced." The trial judge overruled this motion and pronounced sentence, to which judgment the defendant excepted.

The sole question for determination is whether the verdict so returned is equivalent to a general verdict of guilty of transporting liquor, in violation of the act of 1917 (Ex. Ses., p. 8, sec. 1), as alleged in the accusation, or whether it is a special verdict, merely finding the fact that the defendant had "transported whisky," without finding that he had committed any offense. A special verdict is rendered when the jury find certain facts to exist, and leave the court to determine whether or not, according to the law which controls these facts, the prisoner is guilty. McGuffie

v. *State*, 17 *Ga.* 497 (9) ; *Isom* v. *State*, 83 *Ga.* 378 (9 S. E. 1051). And where the verdict applies directly to the offense expressly charged, but stops short in its finding of the requisite facts to constitute that offense, the verdict is equivalent to an acquittal. *Couch* v. *State*, 28 *Ga.* 367; *O'Connell* v. *State*, 55 *Ga.* 191; *Lambert* v. *State*, 17 *Ga. App.* 348 (86 S. E. 782) ; *Wells* v. *State*, 116 *Ga.* 87 (42 S. E. 390). However, we do not think that this case comes within the rulings, or the reason of the rulings, in the cases cited. If "transporting whisky" was only one of several elements of the offense charged in this accusation, and was the only element which the jury found had been established to their satisfaction, then clearly the verdict would amount to an acquittal. But in this State, since the act of 1917, supra, *any* transportation of whisky is unlawful, and when one is found to have transported whisky he is guilty of the offense charged in this accusation, viz., a violation of the prohibition law. It is well established that where a misdemeanor may be committed in a number of different ways, all of which are alleged in one count of the accusation, proof of its commission in any one way is sufficient. *Cody* v. *State*, 118 *Ga.* 784 (45 S. E. 622), and citations. If the jury found that the defendant only transported whisky and did not find that he violated the prohibition law in the other respects named, it was sufficient. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Penal Code (1910), § 1059. And in the construction of verdicts the accusation must be considered. *Cook* v. *State*, 26 *Ga.* 593; *Arnold* v. *State*, 51 *Ga.* 144; *Isom* v. *State*, supra. Construing this accusation with the verdict of the jury, we think that the verdict both in its language and in its "intendment" is a finding that the defendant violated the prohibition law by unlawfully transporting whisky. Compare also *Welch* v. *State*, 50 *Ga.* 128 (15 Am. R. 690) ; *Mosley* v. *State*, 11 *Ga. App.* 1 (74 S. E. 569) ; *Kidd* v. *State*, 10 *Ga. App.* 148 (75 S. E. 266). Therefore the trial judge did not err in overruling the motion in arrest of judgment, and in pronouncing sentence upon the defendant.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*