### A93A0665. WILLIAMS v. THE STATE.
(430 SE2d 883)

ANDREWS, Judge.

Williams was tried and convicted for entering an automobile pursuant to OCGA § 16-8-18 and appeals.

Viewing the evidence in the light most favorable to the verdict, it was that in the late afternoon of May 13, 1991, Officers McDowell and Rushing of the Cobb County Police Department noticed that the door of a 1976 Oldsmobile which was parked in the police precinct parking lot was open, and a man's legs were sticking out of the vehicle. McDowell looked in the vehicle and found Williams lying on his left side with his right hand under the right front passenger seat, as if he was rummaging through the vehicle.

McDowell questioned Williams about his presence in the car. Williams explained that he was waiting in the car for someone who had promised him a job. Williams did not know the name of the man he claimed was planning to offer him a job. He had the business card of a temporary agency, which he gave to the police. They called the number listed on the card, but received no answer.

McDowell ran a computer check on the car and discovered that the car belonged to another Cobb County police officer, Thomas Lehner. He returned to the vehicle where Officer Rushing was waiting with Williams. Rushing again asked Williams to identify the owner of the car and he was unable to do so.

Williams was arrested and a search conducted. Found during the search were a piece of a radio antenna, a spark plug, a screwdriver, a razor blade, a bus ticket and a black stocking. A flashlight was also recovered from the passenger side floorboard of the Oldsmobile. Two bags of a substance which was suspected of being crack cocaine, but which tested negative for the drug, were also recovered. The officers testified at trial that screwdrivers and spark plugs were commonly used to break into and steal cars.

Officer Lehner testified that he had not given Williams permis-

sion to enter his vehicle, that he did not know Williams and had never talked to him about a job. He stated that he did not lock his car on May 13, and that he parked his car in the area reserved for police parking. He also testified that he had an AM/FM cassette stereo in the dashboard and four speakers which were installed in the vehicle.

1. In two separate enumerations of error, Williams claims that the trial court erred in denying his motion for a directed verdict of acquittal and that the evidence was insufficient to support the verdict. He argues that the circumstantial evidence did not exclude every reasonable hypothesis except that he had committed the crime.

We find no error. "[C]ircumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt." *Peppers v. State*, 261 Ga. 338 (1) (404 SE2d 788) (1991). Furthermore "[q]uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law." *Robinson v. State*, 203 Ga. App. 759, 760 (1) (417 SE2d 404) (1992).

After reviewing the record, we find that the evidence was sufficient to support the verdict and that the denial of Williams' motion for a directed verdict of acquittal was proper. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, Williams argues that the verdict was defective in that it failed to specifically mention criminal intent in finding him guilty of the offense of entering an automobile. OCGA § 16-8-18 provides that if a person enters a vehicle with the intent to commit a theft or felony, he shall be guilty of a felony. Williams contends that the verdict found him guilty of "entering an automobile," which is not a crime.

We disagree. The trial court charged the jury regarding the verdict and instructed the jurors to find the defendant guilty or not guilty of "the offense of entering an automobile as alleged in the Bill of Indictment." The court also read the indictment to the jury and instructed the jury regarding OCGA § 16-8-18. No other offense regarding entering an automobile was charged. After the jury returned its verdict of guilty, the court asked the jurors whether their finding included a finding that Williams entered the automobile for the purpose of committing a theft. The jurors responded affirmatively.

OCGA § 17-9-2 provides in part that "[v]erdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity." Furthermore, "in the construction of verdicts the accusation must be considered." *Dunbar v. State*, 21 Ga. App. 502 (94 SE 587) (1917). Here, we find that the

verdict both in its language and in its intendment constituted a finding that Williams was guilty of the offense outlined in OCGA § 16-8-18. See generally *Boulware v. State*, 189 Ga. App. 390 (5) (376 SE2d 209) (1988); *Fambro v. State*, 164 Ga. App. 359 (2) (297 SE2d 111) (1982).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1993.

*Frank G. Smith, Gary N. Struletz*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.