## A99A0482. MILLWOOD v. THE STATE.
(516 SE2d 799)

BARNES, Judge.
Randall Millwood appeals his jury convictions of felony theft by shoplifting and entering an auto with the intent to commit theft, contending that insufficient evidence supports the convictions. He also asserts that the trial court erred in denying his motion for new trial based on ineffective assistance of counsel and newly discovered evidence. We affirm.
1.

> [O]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. Conflicts in the testimony of the witnesses [are] a matter of credibility for the jury to resolve.

(Citations and punctuation omitted.) *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Construed to support the verdict, the evidence shows that Randall Millwood and his nephew borrowed a car on Sunday, June 15, 1997, from Lisa Coleman, promising to return it in a couple of hours. Millwood did not return the car that evening, and Coleman reported it stolen.

At 7:00 a.m. Monday, June 16, 1997, several K-Mart employees followed a man, later identified as Millwood, who left the store with a stereo worth $169.99, for which he had not paid. Assistant store director Frank Rocap testified that Millwood threw the stereo onto the trunk lid of a waiting car and jumped into the passenger seat, and the car took off. Rocap grabbed the stereo from the trunk as the car sped away. The loss control manager noted the license number of the getaway car and contacted the police, who identified the car as belonging to Coleman. Coleman and her next-door neighbor reviewed a K-Mart video of the incident and identified the man who took the stereo as Millwood.

As to the charge of entering an auto with the intent to commit theft, Wada Stafford testified that on Tuesday, June 17, 1997, she pulled into the driveway of her grandson's day care center and saw someone with a tattoo on his arm crouched by a tree. She took her grandson inside, and when she returned to her car a day care employee told her a man who had been kneeling in the grassy area of the parking lot had grabbed her purse out of her car. The employee got the tag number of his getaway car, noted the big tattoo on his arm, and identified Millwood from a photo lineup. A police officer testified that the tag number and automobile description in this incident were the same as that reported the day before in the K-Mart incident. When Millwood testified at trial, the prosecutor pointed out the tattoos on both of his arms.

We find the evidence sufficient for a rational trier of fact to find Millwood guilty beyond a reasonable doubt of felony shoplifting and entering an auto with the intent to commit theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Millwood further contends that the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel and newly discovered evidence.

(a) At trial, Coleman's neighbor testified about her identification of Millwood in the K-Mart video and stated that K-Mart "had videotaped Randall going into a shopping center and stealing some merchandise." Millwood argues that his trial attorney's failure to object to this statement constituted ineffective assistance.

Millwood's claim was presented to and ruled upon by the trial court, whose finding of effectiveness must be upheld unless clearly erroneous. *Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996). In order to prevail on a claim of ineffective assistance of counsel, Millwood must show both deficient performance and actual prejudice. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "To show deficient performance, he must demonstrate that his counsel's performance was not reasonable under the circumstances confronting his counsel at the time, without resorting to hindsight." *Turpin v. Mobley*, 269 Ga. 635, 638 (3) (502 SE2d 458) (1998). Millwood's burden is high because his counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. To show actual prejudice, he must demonstrate a reasonable probability that he would have been acquitted but for counsel's unprofessional errors. Id.

Here, Millwood asserts that his counsel should have objected to the witness's response that he had been videotaped "stealing" on the grounds that it was hearsay and went to the ultimate issue for the jury. However, Coleman had already testified that she reviewed the

same videotape from K-Mart "of somebody taking something out of the door of the store" and identified Millwood as the person in the video and in the courtroom. The neighbor testified that she recognized Millwood from the videotape and in the courtroom. Finally, the jury saw the videotape for themselves, and it was introduced into evidence. Because similar testimony and the videotape itself had already been introduced and because the witnesses positively identified Millwood, we do not find the trial court's finding of effectiveness to be erroneous.

(b) Millwood further argues that the trial court should have granted him a new trial due to newly discovered evidence. He testified at trial that he had stayed with a woman named "Margaret," whose last name he could not recall, during the time these robberies were committed. Alibi was his sole defense. He testified at his motion hearing that he did not know Margaret's whereabouts during the trial. Margaret Majorie testified at the hearing that she contacted Millwood after his conviction, and that he had been with her from Sunday, June 15, 1997, through Tuesday, June 17, 1997.

On the other hand, in response to his lawyer asking him when he learned Majorie's last name, Millwood began to respond, "Well, I talked to my nephew . . .," when his lawyer cut him off. Majorie testified that her apartment had been leased in her name, and that Millwood knew she was going to visit her parents in New Orleans. Millwood testified at trial that he thought Majorie was in Louisiana somewhere.

The trial court found that Millwood failed to satisfy the six criteria required to grant a new trial based on newly discovered evidence, which are:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

(Citations and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). We review the denial of a motion for new trial on the ground of newly discovered evidence to determine if the trial court abused its discretion. *Blankenship v. State*, 162 Ga. App. 538, 539 (292 SE2d 123) (1982).

Here, evidence presented during the motion hearing supports the conclusion that Millwood could have learned his alibi witness's

last name and whereabouts if he had been diligent. She was the apartment leaseholder, and the record contains some indication that Millwood discovered her last name by talking to his nephew. The trial court specifically found the testimony that Millwood did not know Majorie's last name was not credible. Based on this evidence, we find that the trial court did not abuse its discretion in denying the motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 23, 1999.

*Leo E. Benton, Jr.*, for appellant.

*Lydia J. Sartain, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.