## A99A0869. CARTHERN v. THE STATE.
### (519 SE2d 490)

BLACKBURN, Presiding Judge.

Taylor Christopher Carthern appeals his convictions, following a jury trial, for possession of cocaine, possession of a firearm by a convicted felon, and criminal damage to property, contending the trial court erred by: (1) denying his motion to suppress a marijuana cigarette containing some cocaine found in Carthern's home; (2) denying Carthern's motion for directed verdict regarding the possession of cocaine charge; (3) denying his motion for directed verdict regarding the charge of possession of a firearm by a convicted felon because there was no competent evidence showing that Carthern was a convicted felon; and (4) denying his motion for directed verdict regarding the charge of criminal damage to property because there was no evidence that Carthern's actions endangered human life. For the reasons set forth below, we affirm.

In the light most favorable to the verdict, the record shows that Carthern, in a crazed state, shot his way down a residential street, shot his way into Steve Watts' home and then fired his weapon again once inside. Fortuitously, Watts was on vacation at the time, and there was no one home. Deputy Sheriff Chris Stevers arrested Carthern at the scene and placed him in the back of his patrol car. Carthern's brother, Reverend James Carthern, then arrived, and he informed the officers that he believed that there could be other people still inside Carthern's house. Reverend Carthern let the officers inside his brother's home with keys that his brother had thrown onto the street. Although no one was found inside the home, a marijuana cigarette containing cocaine was discovered in an upstairs room.

1. In his first enumeration of error, Carthern argues that the trial court erred in failing to suppress the marijuana cigarette, contending that the warrantless search of his home was unlawful due to the lack of exigent circumstances.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed

most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations omitted.) *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

The United States Supreme Court has held that, even where probable cause exists, intrusion of a person's home without a warrant is prohibited by the Fourth Amendment unless such intrusion is preceded by consent or exigent circumstances. *Steagald v. United States*, 451 U. S. 204, 211 (III) (101 SC 1642, 68 LE2d 38) (1981). Whether exigent circumstances were present in a given situation is a question of fact, and, "[a]lthough we review police actions from the standpoint of a hypothetical reasonable officer, we must measure those actions from the foresight of an officer acting in a quickly developing situation and not from the hindsight of which judges have benefit." (Punctuation omitted.) *State v. Brannan*, 222 Ga. App. 372, 373 (1) (474 SE2d 267) (1996).

Deferring to the trial court's determinations with regard to facts and credibility, as we must, we cannot say that the denial of Carthern's motion to suppress was clearly erroneous. In this case, the officers entered Carthern's home based on a reasonable belief that there could be wounded people inside. As such, sufficient exigent circumstances existed to support the warrantless search of Carthern's home. See, e.g., *Cates v. State*, 232 Ga. App. 262 (501 SE2d 262) (1998).

2. In his second enumeration of error, Carthern contends that the trial court erred by denying his motion for directed verdict regarding the charge of possession of cocaine.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Carthern] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence

is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises to authorize the inference that he possesses all property found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize his conviction, and that plainly is not the law.

(Citations omitted.) *Morris v. State*, 161 Ga. App. 141, 143-144 (5) (288 SE2d 102) (1982).

In this case, the cocaine was found in Carthern's home. As such, an inference can be made that the cocaine found therein belonged to him. Carthern's arguments that there was some evidence that a female may have been in his house on the night in question does not change this outcome, as he could have been found to be in constructive joint possession of the cocaine. See, e.g., *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996).

3. In his third enumeration of error, Carthern contends that the trial court should have granted his motion for directed verdict with regard to the charge of possession of a firearm by a convicted felon because there was no competent evidence of his felon status. At trial, the State introduced Carthern's prior guilty plea and sentence for possession of cocaine and possession of a firearm during the commission of a crime. In the typed portion of the documents, Carthern's name was misspelled as "Cauthern." Because of this scrivener's error, Carthern now contends that the evidence was not sufficient to prove his status as a felon. However, the guilty plea contains Carthern's signature, and Carthern admitted during trial that he had pled guilty to the prior charge of possession of cocaine. Accordingly, this enumeration lacks merit.

4. In his fourth enumeration of error, Carthern contends that the trial court should have granted his motion for directed verdict with regard to the charge of criminal damage to property in the first degree because there was no endangerment to human life. We disagree.

OCGA § 16-7-22 (a) (1) provides that "[a] person commits the offense of criminal damage to property in the first degree when he [k]nowingly and without authority interferes with any property in a manner so as to endanger human life." Our Supreme Court has held that "[a]s defined in OCGA § 16-7-22 (a) (1), criminal damage to property in the first degree is a felonious act which is inherently dangerous or life-threatening." *Waugh v. State*, 263 Ga. 692 (2) (437 SE2d 297) (1993).

Carthern fired a gun at homes in a residential area. He shot the glass door out of one home, entered the home and fired shots inside the home. Such acts endanger the lives of others within the meaning of the statute.

Carthern's reliance on *Loethen v. State*, 158 Ga. App. 469 (280 SE2d 878) (1981) is misplaced. There the defendant set fire to a mattress in his prison cell, and he also ignited his own hair and clothing. In reversing the defendant's conviction for criminal damage to property in the first degree, this Court held that he had endangered only his own life.

Firing a weapon into a dwelling is an act which is inherently dangerous to the lives of others. *Waugh*, supra. We find the evidence here is sufficient to support the conviction. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 16, 1999 —
RECONSIDERATION DENIED JUNE 25, 1999 — CERT. APPLIED FOR.

*Jones, Morrison & Womack, William A. Morrison, Paul S. Liston*, for appellant.

*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.