## A99A2352. BRANTLEY v. THE STATE.
### (528 SE2d 264)

JOHNSON, Chief Judge.

A jury found Chauncey Brantley guilty of aggravated assault and one count of possession of a firearm by a convicted felon and not guilty of another count of possession of a firearm by a convicted felon. We affirm Brantley's convictions. However, for reasons which follow, we vacate the sentence and remand the case.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Brantley shot the victim two times. Both the victim and two witnesses identified Brantley as the shooter. There was also testimony that Brantley told the victim's friends he had just shot somebody.

After the shooting, the victim and his friend drove to the victim's house. As they were leaving the victim's house to go to the hospital, they saw Brantley holding a gun as the car in which he was riding drove by the victim's house.

When the defendant appeals a criminal conviction, the evidence must be construed in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence; moreover, the appellate court does not weigh the evidence or

---

[15] See *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999), citing *Martin v. State*, 268 Ga. 682, 685-686 (8) (492 SE2d 225) (1997).

judge the credibility of the witnesses.[1] "Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve."[2]

(a) Brantley argues that the evidence was insufficient to support his conviction for aggravated assault because the evidence established at trial was contradictory and conflicting. Specifically, there were conflicts regarding the number of shots fired, who was involved in the fight, and whether the victim actually knew who shot him. However, these types of credibility determinations are clearly within the province of the jury, and our role is limited to determining the sufficiency of the evidence.[3] Here, there was clear evidence that Brantley shot the victim. The evidence was sufficient for a rational trier of fact to find Brantley guilty beyond a reasonable doubt of aggravated assault.[4]

(b) Brantley also argues that the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon because the state failed to prove he was a convicted felon. Although Brantley did not object to the state's offer of proof, did not move for a directed verdict, and failed to raise this issue in the hearing on his motion for new trial, it is well settled that a challenge to the sufficiency of the evidence can be raised for the first time on appeal.[5]

In attempting to prove Brantley was a convicted felon, the state admitted certified copies of a criminal proceeding against Brantley and a co-defendant for armed robbery, aggravated assault, and giving a false name to a law enforcement officer. The document clearly shows that the co-defendant pled guilty to certain counts. However, the document does not clearly show that Brantley pled guilty to any of the charges. On one side of the document, the co-defendant's name is crossed off and Brantley's name is written above it, followed by a line stating that he pleads guilty to robbery and giving a false name. Yet, Brantley's signature does not appear on the form. Instead, his co-defendant signed the form twice.

The state claims this is merely a clerical error and that the transcript of Brantley's plea hearing will show that he did, in fact, plead guilty. Moreover, while Brantley argues for the first time on appeal that the state failed to prove he was a convicted felon with this exhibit, he has never claimed during the trial or here on appeal that he did not plead guilty to the charges at issue.

Based on the circumstances presented to us, we hereby remand

---

[1] *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999).

[2] Id.

[3] *Murray v. State*, 239 Ga. App. 659, 662 (522 SE2d 48) (1999).

[4] See generally id.; *Anderson v. State*, 238 Ga. App. 866, 870 (519 SE2d 463) (1999).

[5] See *Jones v. State*, 219 Ga. App. 780-781 (1) (466 SE2d 667) (1996).

this case for a hearing on the sole issue of whether Brantley pled guilty to any of the specified criminal charges on July 20, 1994. If the trial court determines that Brantley never pled guilty, then his conviction for possession of a firearm by a convicted felon must be reversed. If, however, the evidence shows that Brantley pled guilty to at least one of the felony charges, his conviction here must be affirmed.

2. Brantley's sentence shows that he was sentenced as a recidivist under OCGA § 17-10-7. It appears from the sentencing sheet that he was sentenced as a recidivist under OCGA § 17-10-7 (a), allowing for a probated sentence, since the trial judge sentenced him to 25 years but indicated he was to actually serve only 15 years in prison and the remainder on probation. However, the sentencing sheet does not clearly indicate whether Brantley was sentenced under OCGA § 17-10-7 (a) or (c), which does not allow for parole. Therefore, we will address Brantley's argument that he was improperly sentenced as a recidivist under OCGA § 17-10-7 (c).

A defendant may be sentenced as a recidivist under OCGA § 17-10-7 (c) if he has been convicted of three felonies. The record in the present case shows that Brantley was given first offender status in DeKalb County on June 25, 1992, after he pled guilty to robbery. On October 1, 1992, he pled guilty in Fulton County to theft by receiving stolen property and was sentenced to two years to run concurrently with his sentence in DeKalb County. On October 15, 1992, he pled guilty in DeKalb County to theft by receiving stolen property and was sentenced to two years of probation to run concurrently with his probation for robbery.

The alleged conviction for armed robbery, aggravated assault, and giving a false name to a law enforcement officer, discussed in Division 1 (b), was used as an essential element of the possession of a firearm by a convicted felon count. It was not used to support a recidivist sentence. However, the state argues that Brantley's first offender status was revoked by operation of law because this felony was committed during the three-year first offender probationary period. We disagree.

There is no provision for revocation of first offender status by operation of law. In fact, the Supreme Court has expressly held that "[b]y allowing [a defendant] to complete his three-year probationary period without initiating any revocation proceedings against him, the State cannot urge that he did not fulfill the terms of his probation."[6] Without a showing that the state initiated revocation proceedings against Brantley which terminated his first offender status, the first

---

[6] (Citations omitted.) *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998).

offender plea cannot be used to support recidivist punishment.[7]

There is no evidence in the record that the state initiated revocation proceedings to terminate Brantley's first offender status or that Brantley did not fully complete his three-year probationary period to fulfill his first offender terms. Thus, Brantley could not be sentenced as a recidivist under OCGA § 17-10-7 (c) because only two prior convictions supported this sentence. Brantley could, however, be sentenced as a recidivist under OCGA § 17-10-7 (a), which allows for a probated sentence and requires only one prior conviction. Therefore, this case is remanded with instructions that the trial court resentence Brantley, clearly indicating it is sentencing Brantley as a recidivist under OCGA § 17-10-7 (a).

3. Brantley's claim that his trial counsel provided ineffective assistance of counsel is without merit. To establish ineffectiveness, Brantley must prove both that his trial counsel's performance was deficient and that but for the deficient performance there was a reasonable probability the result of the trial would have been different.[8] Brantley's burden is high because his counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[9] Moreover, Brantley's claim was presented to and ruled upon by the trial court, whose finding of effectiveness must be upheld unless clearly erroneous.[10]

At the outset, we note that trial counsel secured an acquittal of one of the possession of a firearm by a convicted felon charges. This circumstance strongly supports the conclusion that the assistance actually rendered by Brantley's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render.[11]

(a) Trial counsel's failure to conduct fingerprint tests of shell casings found at the crime scene did not constitute ineffective assistance of counsel. The victim and two witnesses testified that Brantley fired the weapon. Thus, it is not reasonably probable that the outcome of the case would have been different even had the shell casings been handled by someone other than Brantley.

(b) Trial counsel's failure to properly subpoena a detective was not ineffective assistance of counsel. According to Brantley, the detective would have testified that on the day of the shooting one of the witnesses told him that another individual had fired the gun.

---

[7] See *Scott v. State*, 216 Ga. App. 692, 694 (4) (455 SE2d 609) (1995).

[8] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Millwood v. State*, 237 Ga. App. 748, 749 (2) (a) (516 SE2d 799) (1999).

[9] Id.

[10] Id.

[11] *Bradford v. State*, 221 Ga. App. 232, 235 (3) (471 SE2d 248) (1996).

This evidence, however, was already before the jury. The victim's mother testified that the witness told her that both Brantley and another individual had fired the gun. She further testified that she gave this information to the detective. We cannot say that but for any error in failing to subpoena the detective, the outcome of the trial would have been different.

(c) Trial counsel's failure to request a self-defense jury instruction does not constitute ineffective assistance of counsel because the evidence did not raise self-defense. Viewed in a light most favorable to support the verdict, the evidence showed that Brantley was not involved in the fight between the victim and two other individuals. It is undisputed that the victim did not attack or assault Brantley. It is also undisputed that the victim was unarmed.

The defense theory in the case was that Brantley did not shoot anyone and that he was erroneously identified as the shooter. In light of the defense theory and the posture of the evidence, trial counsel's failure to request a self-defense charge did not constitute ineffective assistance of counsel.

*Judgment affirmed in part, sentence vacated and case remanded. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED JANUARY 27, 2000 — 

*Gerard B. Kleinrock*, for appellant.
*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.