## A00A0632. PALMER v. THE STATE.
(533 SE2d 802)

JOHNSON, Chief Judge.

A jury found Richard Allen Palmer guilty of entering an automobile with the intent to commit theft. The question on appeal is whether the state presented sufficient evidence to prove that he intended to commit theft. We find that the evidence is sufficient and affirm the conviction.

On appeal, this Court views the evidence in a light most favorable to the verdict; we determine evidence sufficiency and do not weigh the evidence or determine witness credibility.[1] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve.[2]

So viewed, the evidence shows that the car owner's son was inside his apartment just after midnight when he heard glass shattering outside. He looked out the window and saw two males in the parking lot. One of the men was standing outside of the witness' mother's car, bending over such that his head and upper body were inside the car. The other man was sitting in the driver's seat of a nearby car. The witness went outside and asked the man who was leaning inside his mother's car what he was doing. The man stood up, paused for a moment, then got into the waiting car. The men drove away.

The witness called police who, minutes later, stopped the suspects' car at a gas station. Upon stopping the car, the officer saw a bent screwdriver, pliers, a small baseball bat and a pair of gloves on the car's floorboard. The officer also noticed that Palmer's companion

---

[10] *Fields Realty,* supra at 30 (2); *Booth,* supra at 678 (3).
[1] *Millwood v. State,* 237 Ga. App. 748 (1) (516 SE2d 799) (1999).
[2] Id.

had glass fragments on his clothing and fresh cuts on his hands. The officer brought the witness to the gas station, where he identified Palmer as the person he saw leaning into the car.

After Palmer and his companion were arrested, the companion gave police a written statement in which he admitted that he and Palmer broke into a car that night. At trial, however, the companion denied that he or Palmer broke into any cars and claimed that he lied earlier because the police promised to let him go if he cooperated with them. The companion admitted at trial that he pled guilty to two counts of entering an automobile with intent to commit theft; one of the counts involved the car at issue here. He added, however, that he was not guilty of the crimes and that he pled guilty only because his attorney convinced him that he needed to.

Contrary to Palmer's contention, the state was not required to prove intent to commit theft by showing that valuables were present in the vehicle or that he admitted breaking into an area of the vehicle in which valuables might be stored. While evidence that valuables were present in the area of the auto entered is sufficient to support a finding of the requisite intent, lack of such evidence does not mean that there is no evidence from which intent may be inferred.[3] Certainly, intent may be inferred from evidence that valuables were present or that the defendant admitted breaking into an area of a car in which valuables might be stored.[4] However, criminal intent may also be inferred from other evidence. Intent may be found by the jury upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is being prosecuted.[5] Whether a defendant has the requisite intent to commit a crime is a question for the jury.[6]

There was evidence from which the jury could find that Palmer intended to commit theft. Palmer was seen leaning into the car, the window of which had been broken out, though the owner did not know him and did not give him permission to enter the car. When confronted by the owner's son, Palmer stopped what he was doing and immediately left the scene. Palmer's companion told police at the time of his arrest that he and Palmer had broken into a car that night. And the companion pled guilty to entering the automobile at issue here with intent to commit theft. A rational trier of fact could have found beyond a reasonable doubt that Palmer entered the vehicle with the intent to commit theft.

Palmer also argues that the evidence is consistent with inno-

[3] See *Heflin v. State*, 183 Ga. App. 149, 150 (2) (358 SE2d 298) (1987).

[4] See *Pound v. State*, 230 Ga. App. 467, 468 (2) (496 SE2d 769) (1998).

[5] *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97) (1988).

[6] *Mills v. State*, 198 Ga. App. 527, 529 (2) (402 SE2d 123) (1991).

cence. He says that he may have just happened upon the car and leaned inside the already broken window, not intending to take anything. He offers no explanation as to why he would do this nor any explanation for the witness' having heard glass shattering just before he saw Palmer leaning into the car. In fact, this hypothesis conflicts with his testimony at trial, in which he altogether denied seeing or entering the victim's car. In any event, questions as to the reasonableness of a hypothesis are generally to be decided by the jury who heard the evidence; where the jury is authorized to find that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt, we will not disturb that finding, unless the verdict is unsupportable as a matter of law.[7] A rational trier of fact could have found from the evidence that Palmer was guilty beyond a reasonable doubt of entering an automobile with the intent of committing theft.[8]

*Judgment affirmed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 18, 2000.

*Michael B. King, Billy J. Dixon,* for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney,* for appellee.

[7] *Williams v. State,* 208 Ga. App. 572, 573 (2) (430 SE2d 883) (1993).
[8] See *Truax v. State,* 207 Ga. App. 506, 507 (1) (428 SE2d 611) (1993).