## A00A1222. BANKS v. THE STATE.
### (535 SE2d 22)

ELDRIDGE, Judge.

A Butts County jury convicted Michael Banks of two counts of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. The charges arose from Banks' participation in the carjacking of a 1992 Ford Mustang, during which Banks and co-defendant Derrez White followed the Mustang in their car; each fired several rounds from his automatic weapon into the driver's window of the Mustang, hitting both the driver and the passenger; and, when the car stopped and the occupants fled into some nearby woods, Banks and White took the Mustang in order to sell the rims. Banks appeals.[1] We affirm.

1. Banks first raises a claim of ineffective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of counsel, [Banks] must show both deficient performance and actual prejudice. To show deficient performance, he must demonstrate that his counsel's performance was not reasonable under the circumstances confronting his counsel at the time, without resorting to hindsight. [Banks'] burden is high because his counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To show actual prejudice, he must demonstrate a reasonable probability that he would have been acquitted but for counsel's unprofessional errors.

(Citations and punctuation omitted.) *Millwood v. State*, 237 Ga. App. 748, 749 (2) (a) (516 SE2d 799) (1999).

(a) Banks contends that the State failed to lay a foundation for admission of his audiotaped statement to the police and, thus, his attorney was ineffective for failing to object to the tape's admission on that basis. However, Banks' statement to the police corroborated in all respects his trial defense that he was an innocent bystander to co-defendant White's carjacking scheme. At the motion for new trial, defense counsel testified that "[t]herefore I thought it would be helpful to have his statement to Major Overbey come in as corroborating and consistent with his statements during the course of the trial." Such strategic decision with regard to the admission of evidence does not constitute ineffective assistance of counsel. *Hamilton v. State*, 238 Ga. App. 320, 322 (3) (517 SE2d 118) (1999).

(b) Banks' statement to the police contained three references to

---

[1] White pled guilty to the charges and is not before this Court on appeal.

his prior criminal conviction. He contends that his attorney was ineffective for failing to move in limine with regard to such improper character evidence. However, a review of the references about which Banks now complains shows that each was made as an explanation for why Banks would not consider engaging in the indicted acts: "You know, I don't fool around with them [guns], you know, as far as pointing at people. I'm a convicted felon, I don't need it"; "I wouldn't put no gun on nobody and try to make nobody do nothing. I'm not that type of person. Like I say, I already got a case coming up Monday, and, you know, I ain't in no predicament to do that"; and "When I leave the house I don't, my intention don't be to get in no trouble. Like I say, I'm on a five-year probation." At the motion for new trial, defense counsel testified such statements were "brought up by Mr. Banks to explain his actions to Major Overbey, and then by extension of that it was brought up to explain his action to the jury and they were consistent." The attorney's decision not to object was part of a legitimate trial strategy and, thus, falls within the range of reasonable professional assistance. *Fargason v. State*, 266 Ga. 463, 465 (467 SE2d 551) (1996).

(c) Banks contends that his trial attorney was ineffective for failing to move for a directed verdict. At the motion for new trial hearing, defense counsel testified that "I had no good faith basis to make such a motion, that in fact the State had met the burden of proof in the case and it was a question for the trier of fact and not susceptible to a directed verdict." In that regard, co-defendant White testified at trial on behalf of the State and established Banks' participation in each of the offenses for which he was convicted. White's statement was corroborated in many respects by the testimony of the victims of the carjacking. Also, Banks' own statement to the police corroborated White's testimony, except for the assignment of blame, and included an admission that he was present at the carjacking. Thus, the evidence was sufficient to support the jury's verdict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and a motion for directed verdict would have been futile. Failure to pursue a meritless motion cannot be evidence of ineffective assistance. See *Hayes v. State*, 262 Ga. 881, 884-885 (426 SE2d 886) (1993).

(d) Banks contends that his trial attorney was ineffective for failing to object to the trial court's charge to the jury on the concept of double jeopardy in response to a jury question with regard thereto.

In his motion for new trial, Banks raised the issue of the jury charge on double jeopardy as an independent claim of error on the part of the trial court. However, Banks' trial attorney did not object or reserve objection to such charge, and thus, the issue was waived. On motion for new trial, the trial court was not required to rule on

the merits. See, e.g., *Smith v. State*, 268 Ga. 42 (2) (485 SE2d 189) (1997).

Now, on appeal, Banks raises this issue in the context of his ineffective assistance of counsel claim; however, Banks' trial attorney was not questioned at all with regard to the court's charge on double jeopardy or whether his failure to object thereto was based on strategic grounds. "In the absence of testimony to the contrary, counsel's actions are presumed strategic." (Citations and punctuation omitted.) *Clark v. State*, 239 Ga. App. 245, 248 (520 SE2d 245) (1999). Further, the trial court did not rule on this issue in the context of the ineffective assistance of counsel claim. Absent a ruling by the trial court on this issue, there is nothing for this Court to review. *Darby v. State*, 230 Ga. App. 32, 33 (3) (495 SE2d 146) (1997). "Because this allegation of ineffectiveness raised by [Banks] on appeal differs from those raised before the trial court, this ground is deemed waived. [Cits.]" *Beecher v. State*, 240 Ga. App. 457, 459 (3) (523 SE2d 54) (1999); *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998).

2. The trial court did not err in sentencing Banks for armed robbery and possession of a firearm during the commission of the armed robbery. It is the express intention of the legislature that these offenses should not merge for sentencing purposes. OCGA § 16-11-106 (e); *Golden v. State*, 233 Ga. App. 703, 705 (505 SE2d 242) (1998).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 17, 2000 —
RECONSIDERATION DENIED MAY 25, 2000 

*Bruce S. Harvey, David S. West,* for appellant.
*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney,* for appellee.