## A03A1998. WHITLOCK v. THE STATE.
(593 SE2d 17)

MILLER, Judge.

Following a jury trial, Reginald Whitlock was found guilty of possession of marijuana and possession of cocaine. On appeal Whitlock challenges only his conviction for possession of cocaine, arguing that the evidence presented at trial was insufficient to sustain the conviction. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that Dawna Rhodes accompanied Whitlock to Whitlock's home. Rhodes went into Whitlock's bedroom, and Whitlock mentioned that he had some crack cocaine. Rhodes and Whitlock then smoked crack cocaine together in Whitlock's bedroom. A police officer with a warrant searched the home early the next morning and found a crack pipe in Whitlock's bedroom. Based on this evidence and Rhodes's testimony, Whitlock was convicted of possession of cocaine.

Whitlock argues that the evidence was insufficient to sustain his conviction for possession of cocaine, because other people who lived in Whitlock's house had equal access to the area where the crack pipe was found. We disagree.

Since additional evidence connected Whitlock to the crack pipe besides the fact that he used the room where the pipe was found, the jury was authorized to conclude that Whitlock was guilty of possession of cocaine. Indeed, despite the fact that others may have lived in Whitlock's home, Rhodes testified that Whitlock was the person who actually possessed the crack and smoked it with her. There was also no evidence that any other person had equal access to Whitlock's bedroom. Based on this evidence, the jury was authorized to conclude that Whitlock was guilty of possession of cocaine beyond a reasonable doubt. See *Townsend v. State*, 253 Ga. App. 316, 317 (558 SE2d 849) (2002); *Allen v. State*, 200 Ga. App. 326, 328 (2) (408 SE2d 127) (1991); see also *Wells v. State*, 196 Ga. App. 133, 134 (3) (395 SE2d

296) (1990); cf. *Carthern v. State*, 238 Ga. App. 670, 672 (2) (519 SE2d 490) (1999).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED DECEMBER 11, 2003 —
RECONSIDERATION DENIED JANUARY 9, 2004.

*Jody D. Peterman*, for appellant.
Reginald D. Whitlock, *pro se.*
*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.