## A10A0194. MUBARAK v. THE STATE.
### (699 SE2d 788)

BARNES, Presiding Judge.

Rauf Mubarak appeals from the denial of his motion for new trial following his convictions for aggravated assault, aggravated battery, possession of a firearm during the commission of a felony, and by bifurcated trial, possession of a firearm by a convicted felon. Following our review, we reverse his conviction for possession of a firearm by a convicted felon and affirm his other convictions.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Mubarak operated an escort service out of an apartment that was rented in the name of the victim's girlfriend, who worked for Mubarak as an escort. The victim testified that he went to the apartment to change the locks on the door because he had heard that prostitution was occurring at the apartment and he did not want his girlfriend involved. As he was changing the locks, Mubarak approached him and pulled out a revolver. The victim retreated into the apartment to escape. Mubarak fired two shots through the door, and the victim was struck in the cheek and ear. The victim jumped out of an apartment window, ran from the complex, and called police. Mubarak was found outside near the apartment when police arrived.

1. Mubarak first contends that the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon pursuant to OCGA § 16-11-133. He argues that the State failed to prove that he was the person, "Derrick Beck," identified in the prior conviction. We agree.

In a bifurcated proceeding Mubarak was first convicted of aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. In the second stage of the proceeding, he was convicted of possession of a firearm by a convicted felon. The transcript shows that the only evidence introduced during the second proceeding was State's Exhibit 26 that showed a "Derrick Beck" had been convicted of armed robbery. The assistant district attorney stated, "Judge, this is State's exhibit number 26. State's certified copy of the defendant's conviction for armed robbery." Nothing, however, was presented to the jury to establish that Derrick Beck was Rauf Mubarak.

The defense presented no evidence and made no closing argument. Two years after the verdict and sentence, and after his motion for new trial was argued, Mubarak stipulated that Derrick Beck changed his name from Derrick Howard-Antonio Beck to Ra'uf Abdul-Nafi Mubarak. Nevertheless, Mubarak contends the evidence presented at his trial was not sufficient to show that he had been convicted of a prior felony.

Although this court has affirmed a conviction in which the defendant's name was misspelled on the evidence of his prior felony conviction, we did so because "the guilty plea contains Carthern's signature, and Carthern admitted during trial that he had pled guilty to the prior charge of possession of cocaine." *Carthern v. State*, 238 Ga. App. 670, 672 (3) (519 SE2d 490) (1999). In a case similar to this one, we found that even though the defendant did not raise the issue until after his conviction for possession of a firearm by a convicted felon, "it is well settled that a challenge to the sufficiency of the evidence can be raised for the first time on appeal. [See *Jones v. State*, 219 Ga. App. 780, 780-[7]81 (1) (466 SE2d 667) (1996).]" *Brantley v. State*, 242 Ga. App. 85, 86 (1) (b) (528 SE2d 264) (2000). We further found that the evidence was not sufficient to sustain the conviction for possession of a firearm by a convicted felon because the State's evidence did not show that the defendant had pled guilty to the prior felony. Id.

Given the circumstances of the trial, we remanded the case to the trial court to determine whether the defendant had pled guilty to the prior felony. *Brantley v. State*, supra, 242 Ga. App. at 87 (1) (b). Following a grant of certiorari, however, our Supreme Court reversed our remand to the trial court, holding that

> [i]n a prosecution under [OCGA § 16-11-133],[1] proof of a prior felony is an absolute prerequisite to obtaining any conviction. The Court of Appeals did not rule that the trial court erred by admitting the document at issue or that it committed any other error. The Court of Appeals clearly based its remand upon a failure to prove a prior guilty plea and upon the State's claim that it could cure this error. Having failed to prove an element of the offense, the State cannot, in effect, retry Brantley for the same crime and thereby violate the Double Jeopardy Clause of the United States Constitution. Since the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only "just" remedy available for that court is the direction of a judgment of acquittal.

(Citation and punctuation omitted.) *Brantley v. State*, 272 Ga. 892, 893 (536 SE2d 509) (2000). Consequently, Mubarak's stipulation

---

[1] Although the prosecution in *Brantley* was for violating OCGA § 16-11-131, there appears no valid reason to treat the two Code sections differently. Therefore, proof of a prior felony is an absolute prerequisite to obtaining a conviction for violating OCGA § 16-11-133 as well.

notwithstanding, we must reverse his conviction for possession of a firearm by a convicted felon, remand the case to the trial court with direction to enter a judgment of acquittal for this offense, and resentence Mubarak on the remaining counts of which he was convicted.

2. Mubarak next contends that the trial court erred in charging the jury on the meaning of "maliciously" in the context of the elements of aggravated battery. He argues that the trial court's definition from Black's Law Dictionary differs substantially from the definition prescribed by case law.

> In reviewing a challenge to the trial court's jury charge, we view the charge as a whole to determine whether that court fully and fairly instructed the jury on the law of the case. If the jury is charged in such a manner as to work no prejudice to the defendant, then this Court will not consider a challenge to the wording of isolated segments.

(Citations and punctuation omitted.) *Watkins v. State*, 265 Ga. App. 54 (592 SE2d 868) (2004).

During the jury deliberation, the jury sent out a note asking the trial court to define "maliciously." The trial court instructed the jury using the definition from Black's Law Dictionary, which defines "malicious" as "substantially certain to cause injury without just cause or excuse." Mubarak objected and requested that the jury either not be given a definition or that the court give the definition used in the homicide statute, that "defined malicious as an abandoned and malignant heart or with ill will or ill intent."

Generally, "the word 'maliciously' has such obvious significance and common understanding that there is no need to define it in the jury charge." (Punctuation omitted.) *Grant v. State*, 257 Ga. App. 678, 680 (1) (a) (572 SE2d 38) (2002).

Pretermitting whether the use of the definition of "maliciously" from Black's Law Dictionary was error, "an erroneous charge does not warrant a reversal unless it was harmful and, in determining harm, the entirety of the jury instructions must be considered." *Foote v. State*, 265 Ga. 58, 59-60 (2) (455 SE2d 579) (1995). In looking at the entirety of the jury instructions, it is clear that no harm was committed, as the record reflects that the trial court charged the jury quite extensively on the element of intent as it related to the crimes charged and properly advised the jury of the State's requisite burden of proof. Thus, the additional charge on the definition of "maliciously" did not, in the context of the charge as a whole, prejudice Mubarak, and thus does not constitute reversible error.

3. Mubarak also contends that the trial court erred in overruling

several hearsay objections he made during testimony from the responding police officer regarding statements made by the victim to the officer during the preliminary investigation.

This court will not disturb a trial court's determination that evidence is admissible as part of the res gestae unless it is clearly erroneous. *Lewis v. State*, 249 Ga. App. 812, 814 (2) (549 SE2d 732) (2001), overruled on other grounds in *Miller v. State*, 285 Ga. 285, 287, n. 1 (676 SE2d 173) (2009). Upon review of the complained-about testimony, we find that the trial court did not err in overruling the objections because they were admissible as part of the res gestae of the crime. The officer testified that the victim was upset and had blood on his face when he arrived and made the statements regarding the incident shortly thereafter. Thus we find the statements were relevant and made without premeditation, and were admissible as part of the res gestae.

4. In Mubarak's fourth enumeration of error, he contends that the trial court erred in foreclosing him from impeaching two of the State's witnesses during his cross-examination of the responding police officer with the witnesses' prior recorded statements.

> A prior inconsistent statement becomes admissible when the witness denies having made such statement. After the witness denies having made the prior contradictory statement, the witness may be impeached; however, before the contradictory statement may be admitted against the witness, the time, place, person and circumstances attending the former statement shall be called to the witness' mind. OCGA § 24-9-83. In the case sub judice, the witness[es] never denied making a contradictory statement; thus, the door to impeachment was never opened. Even assuming the witness[es] denied making a contradictory statement, the defense never laid a proper foundation for the use of any such statement for impeachment purposes. Therefore, the trial court's ruling was appropriate.

(Citations omitted.) *Jackson v. State*, 173 Ga. App. 851, 855 (5) (328 SE2d 741) (1985).

5. Mubarak next asserts that the trial court should have sua sponte charged the jury that he "must knowingly possess a firearm" to be guilty of possession of a firearm by a convicted felon. However, Mubarak concedes that he requested that the trial court use the statutory language in charging the jury on this count. "[E]ven the review of substantial error under OCGA § 5-5-24 (c) is not available when the giving of an instruction, or the failure to give an instruction, is induced during trial by counsel for the complaining party."

(Punctuation omitted.) *Courrier v. State*, 270 Ga. App. 622, 625 (2) (607 SE2d 221) (2004).

6. Mubarak also contends that trial counsel was ineffective for failing to object to certain hearsay statements, failing to request a jury instruction on defense of habitation, failing to challenge the constitutionality of OCGA § 16-11-133 (felon in possession of a firearm) or submit to the jury an instruction as to the element of "knowingly" in that offense, and also for failing to properly impeach two of the State's witnesses.

> In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996). Moreover,

> [t]o demonstrate deficient representation, a convicted criminal defendant must show that counsel's representation fell below an objective standard of reasonableness. Such a defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case.

(Citations and punctuation omitted.) *Knox v. State*, 290 Ga. App. 49, 51-52 (1) (658 SE2d 819) (2008).

(a) Although Mubarak contends that trial counsel was ineffective for failing to object to the responding officer's testimony about what the victim said at the time of the incident, given that the testimony at issue was admissible, trial counsel did not err in failing to object to the same. *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006).

(b) Mubarak contends that trial counsel was ineffective for failing to request a charge on defense of habitation. At the motion for new trial hearing, trial counsel testified that he could not "think of a strategic reason that [he] failed to request an instruction on defense of habitation."

YALE LAW LIBRARY

OCGA § 16-3-23 provides that a person is justified in using force which is intended or likely to cause death or great bodily harm to prevent an unlawful entry or attack upon a habitation if:

> (1) [t]he entry is made or attempted in a violent and tumultuous manner and he or she reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence . . . or . . . (3) [t]he person using such force reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony.

Here, there was no evidence that the victim attempted to enter the apartment to harm anyone inside the building, and in fact, the evidence demonstrated that the victim went inside the apartment to escape from Mubarak when the victim saw that he had a gun. The evidence did not reflect that the victim's intent was other than to change the locks of the apartment.

Where there is no evidence that the victim was attempting to enter or attack the habitation at the time he was injured by the defendant, a defense of habitation charge is not authorized. *Wike v. State*, 262 Ga. App. 444 (585 SE2d 742) (2003); *Darden v. State*, 233 Ga. App. 353, 354 (1) (504 SE2d 256) (1998). Thus, as this justification defense was not supported by the evidence, trial counsel was not ineffective in failing to request that the jury be so charged.

(c) Regarding Mubarak's additional grounds for his claim of ineffective assistance, "[w]e have carefully reviewed the trial transcript and the motion for new trial transcript, [and] [we] find that evidence supports trial counsel's decisions." *Rowe v. State*, 263 Ga. App. 367, 370 (5) (587 SE2d 781) (2003). Thus, the trial court did not clearly err in finding that Mubarak did not meet his burden of showing ineffective assistance. See *Felder v. State*, 260 Ga. App. 27, 33 (10) (579 SE2d 28) (2003).

Accordingly, although we find no merit to his other enumerations of error, we must reverse his conviction as stated in Division 1, remand the case with direction to enter a directed verdict of acquittal as to charge 6 and to resentence Mubarak on his remaining convictions.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Doyle, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 29, 2010.

*Garland, Samuel & Loeb, William C. Lea*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.